# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.  Case No. 3:20-mj-1082

SHELBY LIGONS

## ORDER SETTING CONDITIONS OF RELEASE

Upon the agreement of the government[1] and Defendant, and with the recommendation of Pretrial Services, all as stated on the record on August 7, 2020, the motion for detention (Docket No. 7) should be termed, and it is further

ORDERED that Defendant is released on her own recognizance subject to these conditions, which were reviewed with Defendant on the record and of which she acknowledged her understanding as well as the penalties for noncompliance:

1) Defendant may not make any change of address or move without permission of the Probation/Pretrial Services Office or the Court. The address for third-party custodian, Adrienne Caldwell, with whom Defendant will reside, has been or must be provided to Pretrial Services.

2) Defendant must be in Court each and every time instructed to be there, and, if convicted, must surrender to serve any sentence imposed.

3) Defendant cannot: obstruct any criminal investigation; tamper with a witness, victim or informant; retaliate against or attempt to retaliate against a witness, victim or informant; or intimidate or attempt to intimidate any witness, victim, informant, juror or officer of the court. Such actions are crimes punishable by up to 10 years in prison, and $250,000 fine, or both, with substantially more serious penalties if the tampering, retaliation, or intimidation involves a killing or attempted killing.

4) Defendant must not violate any local, state or federal law. If Defendant does violate any local, state or federal law, Defendant could be punished by as much as from 90 days to 10 years imprisonment in addition to the penalty provided for the offense committed.

---

[1] The Assistant U.S. Attorney stated on the record the government's withdrawal of the motion for detention.

1

5) If Defendant violates any condition of release, a warrant for Defendant's arrest could be issued, any bond may be forfeited, and new bonds with additional conditions, or Defendant's detention until trial, could be ordered by the Court, and Defendant could be held in contempt of Court, which could result in imprisonment, a fine, or both.

6) If Defendant fails to appear at any proceeding in this case or Defendant fails to surrender to serve any sentence imposed, Defendant could be charged and convicted of bail jumping which applies equally to Defendant's own recognizance, and is punishable by, in some cases, as much as 10 years imprisonment and a $250,000 fine or both, in addition to any other punishments imposed in the original case.

7) In addition, defendant must abide by the following special conditions:

   a. Defendant shall report to Pretrial Services as directed.

   b. Defendant shall maintain or actively seek employment, unless determined otherwise within the discretion of Pretrial Services.

   c. Defendant shall not travel outside of the Middle District of Tennessee without prior approval of Pretrial Services.

   d. Defendant shall refrain from possessing any firearm, ammunition, destructive device, or other dangerous weapons.

   e. Defendant shall refrain from the excessive use of alcohol.

   f. Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a medical practitioner.

   g. Defendant shall submit to any method of testing required by the Pretrial Services Office for determining whether the defendant is using a prohibited substance, such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any other form of prohibited substance screening or testing.

   h. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

   i. Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling deemed appropriate by the Pretrial Services Officer; any inpatient treatment may be followed by up to 90 days in a halfway house; payment of any treatment will be determined by Pretrial Services based on Defendant's ability to pay or availability of insurance.

j.  Defendant shall report as soon as possible, within 48 hours, to the supervising officer, any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop.

k.  Defendant shall permit pretrial services officers to visit at any time at his/her home or elsewhere without advance notification; Defendant also shall permit confiscation of any contraband observed in plain view of the pretrial services officer(s).

l.  Defendant is placed in the third-party custody of her mother, Adrienne Caldwell, with whom she shall reside.

m.  Defendant shall be subject to a curfew to be set by and within the discretion of Pretrial Services. Any monitoring of Defendant's compliance with the curfew shall be within the discretion of Pretrial Services.

n.  Defendant must sign the acknowledgment below and return the signed acknowledgment to her attorney (who shall then file the signed form with the Court).

It is FURTHER ORDERED that the conditions listed above are imposed for Defendant's release pursuant to 18 U.S.C. § 3142(h).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date:_____          _____
                                    Defendant's signature